## WILLIAMS v. HERNON.

### December, 1866.

It is not necessary that an order reversing an order made on special mo-tion, founded on affidavits, should state that the reversal was on a question of fact. The provision of § 268 of the Code, that a reversal at general term shall not be deemed to have been on questions of fact unless so stated, does not apply to such orders.

James Hernon confessed a judgment to Joseph H. Williams for one thousand two hundred and forty-four dollars, in Feb-ruary, 1854. In April, 1861, William C. Barrett, a judgment creditor of defendant, moved to set aside that judgment as fraudulent, and for the insufficiency of the affidavit on which it was entered. The fraud alleged was, that there was no such debt due the plaintiff as stated; that the defendant had been imposed upon in the confession; that defendant was a butcher, doing business in New York city, and the plaintiff a drover, frequently selling cattle to him; that the defendant also bought cattle of other drovers, and the plaintiff, like other drovers, was frequently in the habit of collecting the bills of other drovers from defendant when he visited the city, having previously advanced the amounts thereof to such other drovers; that at the time plaintiff applied to defendant to confess this judgment, he stated to defendant that he was indebted to

plaintiff in said sum of one thousand two hundred and forty-four dollars; that part of this sum was for cattle actually sold to defendant by plaintiff, but that a great part of said sum was, as he then stated, for moneys paid by plaintiff to other drovers to whom defendant was indebted; that said plaintiff stated that he had actually paid said bills, and requested defendant to confess judgment therefor; that defendant relied upon these statements, and, believing them, confessed and verified the amount, but that it was, in fact, untrue; that the very parties, whose bills plaintiff stated he had paid, have since applied to defendant for their payment, and denied ever having received their debts from the plaintiff; that one was Henry Hurd, and that he had since sued defendant and recovered judgment against him for some two hundred and fifty dollars, which latter sum is included in said judgment. This was the affidavit of the defendant himself, and he added, that he was unable to give the amount, and names of others whose debts were so included, and were still unpaid, as no others have sued him

In answer, the plaintiff made affidavit, that the confession of judgment was for a balance due for seventy head of cattle sold defendant in 1853, and he annexes a copy of his account against the defendant, showing the amount of sales at three thousand three hundred and forty dollars, and the balance due after allowing the credits to be one thousand two hundred and forty-four dollars—the amount of the judgment. He swore the account "is in all respects true, and that that sum was justly due and owing to the plaintiff for cattle sold to defendant; that it is wholly untrue that any part of said amount was due to any other person."

He admitted the custom of collecting bills for other drovers, but stated that most of the cattle sold defendant were plaintiff's, and, if any of them belonged to others, he first paid the owners the amounts thereof before they were entered in plaintiff's books.

He particularly denied that any money due to Henry Hurd was included in said judgment. He said he paid to Hurd one hundred and seventy-seven dollars for three cattle sold to defendant on October 10, 1853, by said Hurd; that he undertook to collect the bill, but did not guarantee it, and, failing to col-

lect, he received the money back from Hurd, and that said bill was not included in said judgment. The items of the account and of the payments were given in an annexed copy. He denied all fraud. He said nothing as to the conversation sworn to by the defendant.

*The supreme court* at special term, denied the motion; but, on appeal, the general term reversed the order, and granted the motion. Plaintiff appealed.

*Thomas S. Moore,* for plaintiff, appellant.

*W. C. Barrett,* respondent, in person;—relied on *Code,* § 268, subd. 2.

BY THE COURT.—PECKHAM, J.—I incline to think that the facts on which the motion was based were substantially met and denied by the plaintiff. The particular allegation of fraud as to the demand of Hurd was particularly denied, and the other general allegations, as to persons not remembered, are also denied. The force of the defendant's affidavit is considerably diminished by his first affidavit verifying the judgment, where he swears, not on information and belief, but positively, that the amount of the judgment is due the plaintiff. Under such circumstances, where his affidavit, made more than seven years after the entry of the judgment, impeaching that judgment, is substantially denied by the plaintiff, I can see no reason for departing from the ordinary rule, that the party asking for relief must make out his case by a preponderance of proof; a balanced case is not enough. There was, then, no ground of fact for setting aside this judgment. It is conceded, and is clearly true, that the statement of facts, out of which the debt arose, is sufficient, and the judgment entirely legal in form. The judge at special term was, therefore, right in denying the motion to set it aside, and the general term, I think, erred in reversing that order.

The appellant insists that the general term reversed the order upon a question of law, on the insufficiency of the statement. The respondent insists that their action was based en-

tirely on the facts, and concedes that there was no question of law in the case. No opinion was delivered by either court. The provision of the Code of Procedure, that a judgment reversed at a general term "shall not be deemed to have been reversed on questions of fact, unless so stated in the judgment of reversal," section 268, amended by 2d paragraph, does not apply to orders made on special motion upon affidavits. The respondent was, therefore, at liberty to insist that the order was made upon a question of fact. But we think there were no facts to warrant the order. The order of the general term is, therefore, reversed, and that of the special term is affirmed, with costs.

All the judges concurred, except PORTER, J., not voting.

Order of general term reversed, and order of special term affirmed, with costs.